# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **WILLIAM L. PEARSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | Civil Action No. 5:12-09450 |
| ) | |
| **AMERICREDIT FINANCIAL** ) | |
| **SERVICES, INC.,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Plaintiff's Application to Proceed *in Forma Pauperis* and Motions for Stay of Mandate. (Document Nos. 1, 2, 4.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined the Motions, the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[1]

## PROCEDURAL HISTORY

On December 21, 2012, Plaintiff, acting *pro se*, filed his "Motion for Stay of Mandate." (Document No. 2.) In his Motion, Plaintiff states as follows (Id.):

I, William L. Pearson, would like to pray upon this Honorable Court for a stay of

---

[1] Because Plaintiff is acting pro se, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

mandate while I file for a Writ of Certiorari with the United States Supreme Court. Pursuant to U.S. Supreme Court of Appeals Rule 22 and 23 under Federal Guidelines, AmeriCredit violated several banking laws that was overlooked by the lower court by not properly crediting my account and violating my 14th Amendment right of due process.

On January 2, 2013, Plaintiff filed a "Motion for Amendment for Stay of Mandate." (Document No. 4.) In his Motion, Plaintiff explains that he is requesting a Stay of Mandate because he wishes to challenge errors made by the lower court. (Id.) First, Plaintiff argues that "[t]he manner in which the affidavit was introduced into court was against my constitutional right in which denied me a chance to question the validity of the affidavit itself and to question Mr. Collyar." (Id., p. 2.) Second, Plaintiff asserts that "Mr. Winters came to court as a third party attorney to this case under Federal Rule 801c, his testimony and representation of this client should not have been allowed, for he was not working directly for AmeriCredit, but instead working for a law firm of liquidators out of Memphis TN." (Id.) Third, Plaintiff claims that Judge Kirkpatrick should have recused himself because "Mr. Winters was a close personal friend and former neighbor to Judge Kirkpatrick." (Id.) Fourth, Plaintiff contends that "[t]he manner in which the papers were served was distasteful [because] Mr. Winters used a dead man's name to serve me these papers at the wrong address and notarized it himself." (Id., pp. 2 - 3.) Fifth, Plaintiff states that "[t]he court erred it its ruling by first claiming that I failed to Answer the Complaint." (Id., p. 3.) Sixth, Plaintiff argues that the lower court erred in granting summary judgment in favor of AmeriCredit because "I proved that I was not in default." (Id., pp. 3 - 4.) Seventh, Plaintiff claims that the lower court erred in finding that "I paid my principle balance of $20,576.57, but failed to pay the interest on the loan." (Id., pp. 4 - 5.) Eighth, Plaintiff asserts that "AmeriCredit committed perjury to the court by claim that [Plaintiff] had not made a payment since November 2008." (Id., pp. 5 - 6.) Finally, Plaintiff argues that

AmeriCredit has "displayed acts of habit and routine practices" of using "bully tactics to coerce the customers to give them money that they do not owe." (Id., pp. 6 - 29.) Plaintiff concludes that the lower court erred in granting summary judgment in favor of AmeriCredit and "the manner in which this case was handled deprived me of my right of due process." (Id., pp. 29 - 31.)

As Exhibits, Plaintiff attaches the following: (1) A copy of the West Virginia Supreme Court's "Memorandum Decision" filed on September 7, 2012, in Pearson v. Americredit Financial Services, Inc., Case No. 11-1455 (W.Va. Sept. 7, 2012) (Document No. 4-1, pp. 1 -4.); (2) A copy the Order denying Petitioner's Petition for Rehearing as filed in the West Virginia Supreme Court on November 14, 2012 (Id., p. 5.); and (3) A copy of the "Amended Order Granting Plaintiff's Motion for Summary Judgment" as filed in the Circuit Court of Raleigh County on July 22, 2011 (Id., pp. 6 - 11.)

On January 9, 2013, AmeriCredit filed its Response to Plaintiff's Motion for Stay of Mandate. (Document No. 5.) AmeriCredit argues that Plaintiff's Motion for Stay of Mandate should be denied. (Id., p. 3.) First, AmeriCredit asserts that the West Virginia Supreme Court "has already considered and denied Pearson's request" for a stay of mandate. (Id.) Second, AmeriCredit states that the "District Court does not possess authority or jurisdiction to grant the relief requested by Pearson." (Id.) Third, AmeriCredit notes that "[a]fter over two (2) years of litigation, Pearson remains in possession of AmeriCredit's collateral." (Id.) AmeriCredit contends that Plaintiff has "not made any payments under the contract since March 2009," and "AmeriCredit will be unable to pursue recovery of its depreciating collateral." (Id.) Finally, AmeriCredit argues that the United States Supreme Court is unlikely to grant any Petition for Writ of Certiorari filed by Plaintiff because "[t]he Memorandum Decision of the Supreme Court of Appeals of West Virginia in this

appeal does not involve an important federal question, and is not of the stated character that the United States Supreme Court considers for review per Rule 10 of the United States Supreme Court Rules." (Id.)

As Exhibits, AmeriCredit attaches the following: (1) A copy of the Docket Sheet from the Circuit Court of Raleigh County for Case No 10-C-711. (Document No. 5-1.); (2) A copy of the "Amended Order Granting Plaintiff's Motion for Summary Judgment" as filed in the Circuit Court of Raleigh County on July 22, 2011 (Document No. 5-2.); (3) A copy of the Docket Sheet from the West Virginia Supreme Court for Case No. 11-1455 (Document No. 5-3.); (4) A copy of the West Virginia Supreme Court's "Memorandum Decision" filed on September 7, 2012, in Pearson v. Americredit Financial Services, Inc., Case No. 11-1455 (W.Va. Sept. 7, 2012) (Document No. 5-4.); and (5) A copy of the West Virginia Supreme Court's Order denying Plaintiff's Motion for Stay of Mandate dated November 21, 2012 (Document No. 5-5.).

## **FACTUAL BACKGROUND**

On February 28, 2006, Plaintiff entered into a Retail Installment Contract and Security Agreement with AmeriCredit for the purchase of a 2005 Dodge Durango. (Document No. 5-2.) On August 13, 2010, AmeriCredit filed a Complaint in the Circuit Court of Raleigh County alleging breach of contract due to default. (Document No. 5-1.) Plaintiff filed his Answer on September 7, 2010. (Id.) On May 3, 2011, AmeriCredit filed a Motion for Summary Judgment and Memorandum in Support. (Id.) On July 22, 2011, the Circuit Court entered an Amended Order Granting AmeriCredit's Motion for Summary Judgment. (Document No. 5-1 and 5-2.) Specifically, the Circuit Court ruled that "summary judgment is granted and AmeriCredit is entitled to take immediate possession of the vehicle." (Document No. 5-2, p. 5.) On September 2, 2011, Plaintiff

filed a Notice of Appeal. (Document No. 5-3.) On September 7, 2012, the West Virginia Supreme Court issued its Memorandum Decision affirming the Circuit Court's decision. (Document Nos. 5-3 and 5-4.) On October 9, 2012, Plaintiff filed a Petition for Rehearing. (Document No. 5-3.) The West Virginia Supreme Court denied Plaintiff's Petition for Rehearing on November 14, 2012. (Id.) On November 20, 2012, Plaintiff filed a Motion for Stay of Mandate with the West Virginia Supreme Court. (Document Nos. 5-3 and 5-5.) The West Virginia Supreme Court denied Plaintiff's Motion for Stay of Mandate on November 21, 2012. (Document No. 5-5.) Plaintiff initiated proceedings in this Court on December 21, 2012. (Document Nos. 1 and 2.)

## **ANALYSIS**

Federal Courts are Courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. §1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. §1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. §1332(a)(1).[2] The Court construes Plaintiff's Motion as an attempt to proceed under Section

---

[2] Title 28, U.S.C. §1332 specifically provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

1331 as Plaintiff indicates that he was denied due process in the Circuit Court of Raleigh County, West Virginia. A thorough review of his Motions, however, reveals that he is attempting to appeal or re-litigate a motion for summary judgment granted in the Circuit Court of Raleigh County and a motion to stay mandate denied by the West Virginia Supreme Court.

"Under the *Rooker-Feldman* doctrine, lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)(citing District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86, 103 S.Ct. 1303, 1314-17, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923)); also see Friedman's Inc. v. Dunlap, 290 F.3d 191, 196 (4th Cir. 2002)(quoting Jordahl v. Democratic Party of Va., 122 F.3d 191, 196 (4th Cir. 2002)("[F]ederal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'")). The Fourth Circuit has explained that "the *Rooker-Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." Davani v. Virginia Dept. of Transp., 434 F.3d 712, 713 (4th Cir. 2006). In the instant case, Plaintiff is essentially asking this

---

(1) citizens of different states;

(2) citizens of a State and citizens or subjects of a foreign state . . .;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

Court to review and reject the findings of the Circuit Court of Raleigh County and the West Virginia Supreme Court. In support of his request, Plaintiff alleges that the Circuit Court erred in finding proper service of process, in admitting evidence, by failing to recuse itself, and in its conclusions of law. Plaintiff further appears to argue that the West Virginia Supreme Court erred in denying his Motion for Stay of Mandate. Accordingly, the undersigned finds that the *Rooker-Feldman* Doctrine precludes Plaintiff's indirect attempt to appeal a State court decision to this Court.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* (Document No. 1.), **DISMISS** Plaintiff's Complaint (Document Nos. 2 and 4.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985);

Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

    The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

    Date: February 7, 2013.

                                                R. Clarke VanDervort
                                                United States Magistrate Judge