**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

WILLIAM L. PEARSON,

                Plaintiff,

v.                                    CIVIL ACTION NO.  5:12-cv-09450

AMERICREDIT FINANCIAL SERVICES,
INC., et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Plaintiff's Application to Proceed without Prepayment of Fees and Costs (Document 1), Motion for Stay of Mandate (Documents 2), and Motion for Amendment for Stay of Mandate (Document 4). By Standing Order (Document 3) entered on December 21, 2012, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

On February 7, 2013 the Magistrate Judge submitted his Proposed Findings and Recommendation ("PF&R") (Document 6), wherein he recommends that the Court deny Plaintiff's Application to Proceed *in Forma Pauperis* (Document 1), dismiss Plaintiff's Complaint (Documents 2 and 4), and remove this mater from the Court's docket. On February 21, 2013, Plaintiff timely filed his objections to the PF&R. (Document 7.) After thorough review and

consideration, the Court finds, for the reasons stated herein, that Plaintiff's objections should be overruled and the Magistrate Judge's PF&R should be adopted.

## I.     BACKGROUND

On February 28, 2006, Plaintiff entered into a Retail Installment Contract and Security Agreement with AmeriCredit for the purchase of a 2005 Dodge Durango. (Document 5-2 at 1.) On March 3, 2010, AmeriCredit gave Plaintiff notice that his account was overdue and that voluntary surrender of the vehicle was required. (*Id.* at 2.)   On August 13, 2010, AmeriCredit filed a complaint against Plaintiff in the Circuit Court of Raleigh County for breach of contract due to default. (Document 5-1.)   AmeriCredit sought immediate possession of the 2005 Dodge Durango as well as judgment in the amount of $12,435.88 against Plaintiff, with proceeds from the sale of the vehicle to be applied against this amount. (Document 5 at 1-2.)   Plaintiff filed his answer on September 7, 2010. (Document 5-1.)   On May 3, 2011, AmeriCredit filed a Notice of Hearing for June 2, 2011, a Motion for Summary Judgment against Plaintiff and a Memorandum in Support. (*Id.*) On July 22, 2011, the Circuit Court entered its Amended Order Granting [AmeriCredit's] Motion for Summary Judgment. (Document 5-2.) The Circuit Court found that "[b]ecause [Plaintiff] was in default, AmeriCredit has properly brought this lawsuit to take possession of the vehicle[,]" and, therefore, granted AmeriCredit's Motion for Summary Judgment. (*Id.* at 4-5.)   The Circuit Court also ruled that "AmeriCredit is entitled to take immediate possession of the vehicle." (*Id.* at 5.)

Plaintiff filed a Notice of Appeal of the Circuit Court's order on September 2, 2011. (Document 5-3 at 3.) By Memorandum Decision issued on September 7, 2012, the Supreme Court of Appeals of West Virginia affirmed the Circuit Court's decision and order granting

AmeriCredit's motion for summary judgment. (Document 5-4.) Plaintiff filed a Petition for Rehearing on October 9, 2012, which the court denied on November 14, 2012. (Document 5-3 at 1.) Then, on November 20, 2012, Plaintiff filed a Motion for Stay of Mandate, which the court denied on November 21, 2012. (Document 5-3 at 1; Document 5-4.)

## II.    PROCEDURAL HISTORY

Magistrate Judge VanDervort's PF&R provides a detailed account of Plaintiff's motions and Defendants' response. (Document 6).   The Court now incorporates by reference those facts and history.   To provide context for the ruling herein, the Court provides the following summary.

On December 21, 2012, Plaintiff, acting *pro se,* filed his *Motion for Stay of Mandate* (Document 2), wherein he requests "a stay of mandate while [he] file[s] for a Writ of Certiorari with the United States Supreme Court." (*Id.* at 2.) Plaintiff alleges that "[p]ursuant to U.S. Supreme Court of Appeals Rule 22 and 23 under Federal Guidelines, AmeriCredit violated several banking laws that w[ere] overlooked by the lower courts by not properly crediting [his] account and violating [his] 14th Amendment rights of due process." (*Id.*)

On January 2, 2013, Plaintiff filed his *Motion for Amendment for Stay of Mandate* (Document 4) and attached exhibits.[1]   Plaintiff argues that the Court should grant his Motion for Stay of Mandate for the following reasons: (1) "[t]he manner in which the affidavit was introduced into court was against [his] constitutional right which denied [him] a chance to question the validity of the affidavit itself and to question Mr. Collyar[;]" (2) "[Mr. Winters'] testimony and representation of this client should not have been allowed, for he was not working directly for

---

1 Plaintiff attached, as exhibits, the following: (1) a copy of the West Virginia Supreme Court of Appeals' September 7, 2012 Memorandum Decision affirming the decision of the Circuit Court ; (2) a copy of the West Virginia Supreme Court of Appeals' November 14, 2012 Order denying Plaintiff's petition for rehearing; and (3) a copy of the Circuit Court of Raleigh County's July 22, 2011 Amended Order Granting [AmeriCredit's] Motion for Summary Judgment.

AmeriCredit, but instead working for a law firm of liquidators out of Memphis, TN, who is also a third party to this law suit[;]" (3) "Judge Kirkpatrick should have recused himself from this case" because "Mr. Winters was also a close personal friend and former neighbor to Judge Kirkpatrick[;]" (4) "[t]he manner in which the papers were served was distasteful [because] Mr. Winters used a dead man's name to serve [him] these paper[s] at the wrong address and to notarize it himself[;]" (5) "[t]he court erred in its ruling by first claiming that [he] failed to answer the complaint" and "[he] proved that [he] was not in default[;]" (6) the lower court erred in stating that "[he] paid [his] principle balance of $20,576.57, but failed to pay the interest on the loan[;]" (7) "AmeriCreidt violated 46-3-603(c), by not properly crediting [his] account[;]" (8) "AmeriCredit committed perjury . . . by claiming that [he] had not made a payment since November 2008[;]" and (9) "[AmeriCredit] harasses and use[s] bully tactics to coerce the customers to give them money that they do not owe. . . ." (Document 4 at 2-5.)

On January 9, 2013, AmeriCredit filed its Response to Motion for Stay of Mandate (Document 5) and attached exhibits, wherein it argues that Plaintiff's motion should be denied. In support, AmeriCredit recounts the procedural history of the case in state court and stresses that the Supreme Court of Appeals of West Virginia "has already considered and denied [Plaintiff's] request." (*Id.* at 3.) Therefore, AmeriCredit contends that this Court "does not possess authority or jurisdiction to grant the relief requested by [Plaintiff]." (*Id.*) Moreover, AmeriCredit asserts that this case "does not involve an important federal question, and is not of the stated character that the United States Supreme Court considers for review," and therefore, the United States Supreme Court is unlikely to grant a Petition for Writ of Certiorari filed by Plaintiff. (*Id.*)

### III.     STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.   *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."   *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).   When reviewing portions of the PF&R *de novo,* the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction.   *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### IV.     DISCUSSION

#### A.  Magistrate Judge's PF&R

The Magistrate Judge found that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), which provides that in the case of a person proceeding *in forma pauperis,* "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." (Document 6 at 1) (citing 28 U.S.C. § 1915(e)(2)(b)(ii)). The Magistrate Judge reasoned that the Plaintiff has "fail[ed] to state a claim upon which relief may be granted" because the Court lacks subject matter jurisdiction to consider Plaintiff's motions. (Document 6 at 1-7.)   He explained that federal courts are courts of limited

5

jurisdiction as they may only consider cases involving federal questions pursuant to 28 U.S.C. §1331[2] and diversity of citizenship cases pursuant to 28 U.S.C. §1332[3]. (*Id.* at 5.) Based on Plaintiff's allegation that AmeriCredit "violat[ed] [his] 14th Amendment Rights of due process" (Document 2 at 2), the Magistrate Judge construed his motions as an attempt to invoke federal question jurisdiction. (Document 6 at 5-6.) However, the Magistrate Judge found that "[a] thorough review of his Motions, [] reveals that he is attempting to appeal or re-litigate a motion for summary judgment granted in the Circuit Court of Raleigh County and a motion to stay mandate denied by the West Virginia Supreme Court." (*Id.* at 6.)   Therefore, the Magistrate Judge found that this Court lacks subject matter jurisdiction under the *Rooker–Feldman* doctrine.

The *Rooker–Feldman* doctrine prohibits lower federal courts from "exercising appellate jurisdiction over final state court judgments." *Lance v. Dennis,* 546 U.S. 459, 463 (2006) (per curiam); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280 (2005); *Davani v. Va. Dept. of Transp.,* 434 F.3d 712, 718–19 (4th Cir.2006). The Supreme Court of the United States of America has held that the doctrine applies to "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile,* 544 U.S. at 284.

Based on the facts of this case, the Magistrate Judge found that the doctrine applies to bar federal jurisdiction over Plaintiff's complaint because "[he] is essentially asking this Court to

---

2  28 U.S.C. §1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.
3  28 U.S.C. §1332 provides in pertinent part, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

review and reject the findings of the Circuit Court of Raleigh County and the West Virginia Supreme Court." (Document 6 at 6-7.)   The Magistrate Judge notes that in support of his motion, Plaintiff argues that the Circuit Court and the West Virginia Supreme Court erred in their judgments. (*Id.* at 7.)   For example, he emphasized that "Plaintiff alleges that the Circuit Court erred in finding proper service of process, in admitting evidence, by failing to recuse itself, and in its conclusions of law." (*Id.*) Therefore, the Magistrate Judge found that "the *Rooker-Feldman* Doctrine precludes Plaintiff's indirect attempt to appeal a State Court decision to this Court." (*Id.*) Accordingly, he recommends that the Court deny Plaintiff's Application to Proceed *in Forma Pauperis* and dismiss his Complaint. (*Id.*)

### B. Plaintiff's Objections

Plaintiff submitted nine (9) "objections" to the Magistrate Judge's PF&R. (Document 7.) Although Plaintiff is acting *pro se,* and thus, his pleadings were afforded liberal construction (*See, Estelle,* 429 U.S. at 106; *Loe*, 582 F.2d at 1295), this Court finds that Plaintiff's objections are without merit. Plaintiff objects as follows:

> 1A) Plaintiff object[s] to the court's 1st point of filing Forma Pauperis pursuant to 28 U.S.C. 1915(e)(2)(b)(ii) relief sought is that the plaintiff wishes the court to review the case in question under the federal question [:] was the plaintiff's rights under the 5th and 14th amendment rights in violation of due process. Relief sought is to keep said vehicle and be awarded damages for the highest amount allowed by law including but not limited to punitive damages and penalties. Also to have my credit resorted back to good standing and this case sealed from public record. Therefore I would like to ask this court to readdress the state court finding for the injuries caused by the state court decision itself as explained in 'the Rooker-Feldman doctrine.' Last but not least it have been discovered that Mr. Zweig of Evans – Petree is a 3rd Party attorney to this case Mr. Zwieg is a lawyer who works for Evans-Petree which is a collection agency, not AmeriCredit Financial Services, Inc.
>
> B) Another Federal question would be violations truth and lending laws.

C) violation of fair debt and collections act.

D) the defendant brought me into court without even knowing when I made my last payment. The defendant came to court on a fishing expedition, because they didn't have a case to start with.

E) If the court were to ask for any proof as to the record of payment from the defendant the court will find that the defendant do[es] not have any proof other than what I have already provided. See federal rule 801. I have asked this once before

F) Did the defendant violate the WVA Consumer Credit and Protection Act 46A-6-102(b)(m)?

G) Was the defendant in violation of the federal rules of evidence 801(c)

H) Did the defendant prove rule 56 under the Wva. Code

2) A stay is warranted because I need to find an attorney to proceed with this case because it has gone beyond my grasp of legal knowledge.

(Document 7 at 2-3.)

### C. Court's Findings

The Court finds that Plaintiff's objections should be overruled. His objections are general, conclusory, and do not challenge any of the Magistrate Judge's findings or direct the Court to a specific error in the Magistrate Judge's PF&R. As stated above, the Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Most of Plaintiff's "objections" do not object to, or even pertain to, any part of the Magistrate Judge's PF&R. Specifically, objections (1)(B) through (2) are general questions and statements that do not challenge any of the Magistrate Judge's findings. Therefore, they should

8

be overruled.   Plaintiff's first objection, (1)(A), addresses the Magistrate Judge's finding that this action must be dismissed for "fail[ing] to state a claim upon which relief may be granted." (Document 6 at 1) (citing 28 U.S.C. § 1915(e)(2)(b)(ii)). Plaintiff asserts that he seeks the following relief: (1) for "the court to review the case in question under the federal question [:] was the plaintiff's rights under the 5th and 14th amendment rights in violation of due process;" (2) "to keep said vehicle and be awarded damages for the highest amount allowed by law including but not limited to punitive damages and penalties;" (3) "to have [his] credit resorted back to good standing," and (4) to have "this case sealed from public record." (Document 7 at 2.) Moreover, Plaintiff asks "this court to readdress the state court finding for the injuries caused by the state court decision itself as explained in 'the Rooker-Feldman doctrine.'" (*Id*.)

The Court finds that Plaintiff's objection should be overruled.   Plaintiff does not appear to understand that the Magistrate Judge found that his case should be dismissed for "fail[ing] to state a claim upon which relief may be granted" because this Court does not have jurisdiction to grant the relief he seeks.   As the Magistrate Judge explained, the *Rooker-Feldman* doctrine "applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." (Document 6 at 6) (quoting *Davani v. Virginia Dept. of Transp.,* 434 F.3d 712, 713 (4th Cir.2006.)   Contrary to Plaintiff's understanding, lower federal courts may *not* consider cases when the *Rooker-Feldman* doctrine applies.   The doctrine applies when "(1) the federal court plaintiff lost in state court; (2) the plaintiff complains of 'injuries caused by the state-court judgments;' (2) the state court judgment became final before the proceedings in federal court commenced; and (4) the federal plaintiff 'invit[es] district court review and rejection of those judgments.'" Willner v. Frey, 243 Fed.Appx.

9

744, 746 (4th. Cir.2007) (unpublished per curiam opinion) (quoting *Exxon Mobile,* 544 U.S. at 284.) The allegations in this case satisfy all four elements of the *Rooker-Feldman* doctrine. Plaintiff lost in state court, is complaining of "injuries caused by the state court decision itself," the state court judgment was final before these proceedings in federal court, and Plaintiff is inviting the Court to "readdress the state court finding." (Document 7 at 2.)   Therefore, the *Rooker-Feldman* doctrine bars this Court from considering Plaintiff's Complaint.   Based upon the foregoing, Plaintiff's objections are without merit and should be overruled.

## V.  CONCLUSION

Based on the findings herein, the Court does hereby **ORDER** that the Magistrate Judge's Proposed Findings and Recommendation (Document 6) denying Plaintiff's Application to Proceed *in Forma Pauperis* and dismissing Plaintiff's Complaint be **ADOPTED** and that Plaintiff's objections to the PF&R (Document 7) be **OVERRULED.**   Further, the Court **ORDERS** that Petitioner's Application to Proceed without Prepayment of Fees (Document 1) be **DENIED,** and that Plaintiff's Motion for Stay of Mandate (Document 2) and Motion for Amendment for Stay of Mandate (Document 4) be **DISMISSED**, and that this matter be **STRICKEN** from the docket of the Court.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:         April 22, 2013

*Irene C. Berger*

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

10